IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM TAYLOR,<br>    Plaintiff,<br><br>  v.<br><br>LT. NEPOLEAN,<br>CO-1 FERGUNSON,<br>SUPERINTENDENT GILMORE,<br>    Defendants. | Civil Action No. 2:20-cv-1450<br>Magistrate Judge Patricia L. Dodge |

## **ORDER**

  Pending before the Court is Plaintiff's motion requesting the Court to order Defendants to provide him with a free a copy of his deposition transcript.

  Pursuant to Federal Rule of Civil Procedure 30(f)(3), Plaintiff may request a copy of the recording or transcript directly from the court reporter after paying reasonable charges. As a general rule, indigent litigants such as Plaintiff bear their own initial litigation expenses. *See Tabron v. Grace*, 6 F.3d 147, 159-60 (3rd Cir. 1993). "There is no provision in [the *in forma pauperis* statute, 28 U.S.C. § 1915,] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant" *Id.* at 159. Therefore, Defendants have no obligation to provide a copy of his deposition transcript to Plaintiff.

  The Court notes that as part of its inherent equitable powers in supervising discovery, it "may, under some circumstances, exercise its discretion to order an opposing party to pay for or to provide copies of deposition transcripts for an indigent litigant as a condition precedent to allowing that party to take depositions." *Id.* The party requesting the free copies must make a showing of need

to justify such an order. *Id.* at 159-60 (district court did not abuse its discretion in denying indigent plaintiff's request for order shifting cost of transcripts where the indigent party attended and participated in the depositions); *see also Rivera v. DiSabato*, 962 F.Supp. 38, 40 (D. N.J. 1997) (concluding that prisoner was not entitled to free transcript of his own deposition because all of the answers to the questions posed during that deposition were within his personal knowledge and he "could have taken notes during the deposition to memorialize the information that he now seeks.")

Here, Plaintiff has presented no facts to justify requiring Defendants to pay for or provide him with a free copy of his deposition transcript. Accordingly, Plaintiff's motion is DENIED.

.

So ORDERED this 7th, day of September, 2021.

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge