IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM TAYLOR, | ) |
| Plaintiff, | ) 2:20-cv-01450-PLD |
| vs. | ) |
| LT. NEPOLEAN, CO-1 FERGUSON, and SUPERINTENDENT GILMORE, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff William Taylor has filed a Request for Discovery and/or Spoliation (ECF 60). In his motion, he seeks additional discovery as well as a ruling or hearing on his contention that there has been spoliation of certain video evidence. For the reasons that follow, his motion will be denied.

I.  Relevant Background

In its April 26, 2021 Case Management Order, the Court set a discovery deadline of July 26, 2021. Defendants produced documents in compliance with the Court's order on May 24, 2021 (ECF 35). That includes three videos related to Plaintiff's claims, all of which were made available for him to review.

Because Plaintiff refused to continue with his deposition, Defendants' request for an extension of the discovery deadline was granted until August 31, 2021 so that Plaintiff's deposition could be completed. In addition, a telephone conference was held on July 30, 2021 at Defendants' request. During that conference, Plaintiff indicated his belief that an additional video of the incidents in question may exist. Defendants were directed to determine if there are additional videos. In an August 9, 2021 status report (ECF 57), Defendants advised that no other videos exist.

Plaintiff then sent correspondence to the Court (ECF 58) in which he suggested that spoliation had occurred and asked if he could file a motion for additional discovery regarding a "missing" video and certain policies regarding the use of a camera. The Court directed Defendants to respond to this correspondence by indicating whether a video existed at any time regarding some portion of the time frame at issue and if so, why it was not retained. In their response (ECF 62), Defendants noted that they previously produced three videos: (1) a video from December 12, 2018 showing entry into Plaintiff's cell and Plaintiff being placed into restraints; (2) a video from one hour later and shortly after OC spray was deployed into his cell, which shows him leaving his cell in order to go to the medical department and then returning to his cell; and (3) a video on December 14, 2018 which shows the removal of the restraints.

Defendants further indicated in their response that they have no other videos, including one of Plaintiff changing his clothes in the time frame requested. Moreover, with respect to any video that conceivably could show Plaintiff walking in the day area outside his cell on December 13, 2018, the video system used at the prison automatically records over old footage due to limited storage space and would have been recorded over after 20 to 30 days later. Defendants contend that any such video would not have shown the pepper spray incident and any video taken on December 13, 2021 would not be relevant to this incident.

II. Plaintiff's Request for Additional Discovery

In his request for discovery, Plaintiff seeks Defendants' policies regarding when correctional officers are to use a "hand held" camera, when a camera is to be used while an inmate is in restraints, and any policies about actions to be taken while an inmate is in restraints.

Plaintiff's request for additional discovery will be denied because it is untimely. Defendants were ordered to produce (1) all incident reports, grievances and appeals therefrom,

disciplinary reports, investigative reports or other similar documents in its/their possession concerning the alleged incident or incidents described in the Complaint; and (2) all records in its/their possession regarding Plaintiff that relate to the claims in his Complaint. Defendants filed a notice indicating that they complied with this order and Plaintiff received these documents no later than June 2021. A third video was produced for his review on July 27, 2021. Defendants' August 9, 2021 status report advised that no other videos exist.

Further, although he did seek additional discovery in June 2021, Plaintiff did not ask for any discovery related to actions by correctional officials while an inmate is in restraints until mid-August 2021 even though his claim specifically relates to his placement in restraints. As the discovery deadline was August 31, 2021, Defendants would not have had thirty days to respond to this discovery as required. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A).

Even if Plaintiff's request for additional discovery had been timely made, he is not entitled to the relief he seeks. Regarding his requests regarding the use of cameras, Plaintiff has been provided with all existing videos. Even assuming one or more policies exist about the use of hand-held cameras, they are not relevant to the claims Plaintiff has asserted. Plaintiff has alleged that he was excessively sprayed with OC spray and then forced to remain in the same clothes for thirteen hours. How, or if, there is a policy regarding the use of cameras in addition to videos has no relationship to these claims.

In addition, as Defendants note in their Response to Plaintiff's request for additional discovery (ECF 71), policies regarding the use of restraints and security video are confidential, and their release could jeopardize the safety and security at SCI Forest and SCI Greene.

For these reasons, Plaintiff's request for additional discovery will be denied.

III.     Spoliation

Plaintiff asserts that both a watch form and a thirteen-hour video were not retained by Defendants and thus, spoliation has occurred. He asserts that these materials are relevant to his claims as they will show that he was not given a new set of clothes for an extended period of time despite the fact that his clothes were contaminated with OC spray. He also claims that he requested retention of video in his grievances.

A party "is under a duty to preserve what it knows, or reasonably should know, will likely be requested in reasonably foreseeable litigation." *Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd.*, 348 F. Supp. 2d 332, 336 (D. N.J. 2004). "Under Rule 37 of the Federal Rules of Civil Procedure, a district court may sanction a party that destroys electronically stored information 'with the intent to deprive another party of the information's use in the litigation.' Fed. R. Civ. P. 37(e)(2)." *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019).[1]

Spoliation of evidence has occurred if: (1) the evidence was in the opposing party's control; (2) the evidence is relevant to the moving party's claims; (3) there has been actual, intentional suppression or withholding of evidence in bad faith; and (4) the duty to preserve the evidence was reasonably foreseeable to the opposing party. *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). "When the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995).

As the party seeking sanctions for spoliation, Plaintiff bears the burden of proof by a preponderance of the evidence that spoliation occurred. *Universal Underwriters Ins. Co. v.*

---

[1] As digital video evidence is electronically stored information, Rule 37(e) applies.

*Dedicated Logistics, Inc,* No. 2:11-cv-1153, 2014 WL 7335668, at *4 (W.D. Pa. Dec. 19, 2014). If a party proves that spoliation occurred, the court may sanction the offending party. *Schid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78-79 (3d Cir. 1994). As noted by the United States Court of Appeals for the Third Circuit in *GN Netcom, Inc. v. Plantronics, Inc.*, 930 F.3d 76, 82 (3d Cir. 2019), a court must consider the following factors when contemplating Rule 37 sanctions: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." (quoting *Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76. 79 (3d Cir. 1994)).

With respect to the watch form, Defendants represented that they produced all documents in their possession that relate to Plaintiff's claims and that a watch form as described by Plaintiff does not exist. As the Court noted previously, Plaintiff's request related to a watch form was unintelligible. (ECF 41). He did not subsequently attempt to rephrase or correct his request. As such, Plaintiff has not met his burden to show that a spoliation sanction is warranted.

As to the videos, Defendants previously advised the Court that they have no record that a video that was taken of Plaintiff changing his clothes in the time frame requested. They do assert, however, that the video which depicts the restraints being removed shows Plaintiff in clean clothing. Thus, since there is no evidence that a video ever existed, a spoliation sanction is not warranted.

Plaintiff also seeks sanctions because Defendants did not retain video footage that depicts the thirteen-hour period during which Plaintiff was required to remain in clothes that were contaminated with OC spray. Defendants previously advised the Court that "the video system used

at the prison automatically records over old footage after it fills up because there is only so much storage space. This automatic recording over occurs approximately 20-30 days after the date the video is recorded in the ordinary course. . . Any POD video from December 13, 2018 would have been automatically recorded over 20-30 days after that date." (ECF 62 at p. 2).

In reviewing the grievances filed by Plaintiff, including his initial grievance dated December 18, 2019 (ECF 9-1),[2] one of his complaints was that he was not given clean clothes for thirteen hours. A subsequent grievance asked for certain videos to be retained, although that did not include any video of the thirteen-hour period. (ECF 9-9). As previously discussed, Defendants did preserve and make available to Plaintiff three other videos. Thus, it must be determined if Defendants' failure to preserve any video during the thirteen-hour period during which Plaintiff alleges that he was not given clean clothes represents spoliation.

Turning to the factors that must be analyzed to determine if spoliation occurred, the first two factors are not in dispute. The videos were in the possession and control of the correctional institution (although no direct evidence was presented that any of the Defendants controlled the prison's videos). Further, a video of the thirteen-hour period could show evidence that is relevant to Plaintiff's claim that he was in contaminated clothing during that period.

As to the third factor, the Court also finds that the duty to preserve the video was reasonably foreseeable. "[T]he question of reasonable foreseeability is a 'flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry.'" *Bull*, 665 F.3d at 77-78 (quoting *Micron Tech. Inc. v. Rambus*

---

[2] The first page of this grievance is dated December 12, 2019; the second page is dated December 12, 2018. A grievance that is dated December 24, 2018 states that it was rewritten because the previous included the wrong date (ECF 9-2). It is not disputed that the incidents in question occurred in December 2018.

*Inc.*, 645 F.3d 1311, 1320 (Fed. Cir. 2011)). This is an objective test. *Micron Tech. Inc.*, 645 F.3d at 1320. Here, Defendants were on notice as early as December 18, 2018, when Plaintiff filed his grievance, that litigation may ensue, and that one of his claims related to having to wear clothing contaminated with OC spray for a prolonged period of time. This was only six days after the incident in question. Moreover, Defendants preserved other relevant videos of the incident in question, which strongly suggests that they anticipated the possibility of litigation. Simply put, Defendants were on notice of Plaintiff's claims. Thus, the Court concludes that there was a duty to preserve all videos that related to these claims.

At the same time, a finding that a party has a duty to preserve evidence does not mandate a finding of spoliation unless the destruction was intentional and in bad faith. In *Bull,* Court of Appeals stated:

> In *Brewer* we discussed the connection between a finding of sanctionable spoliation and a ruling on bad faith, stating the following:
>
>> For the [spoliation] rule to apply . . . it must appear that there has been an actual suppression or withholding of the evidence. *No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for. See generally* 31A C.J.S. [Evidence] § 156(2); 29 [AM. JUR. 2d Evidence] § 177 ("Such a presumption or inference arises, however, only when the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent."). *Brewer*, 72 F.3d at 334 (emphasis added).
>
> Therefore, a finding of bad faith is pivotal to a spoliation determination. This only makes sense, since spoliation of documents that are merely withheld, but not destroyed, requires evidence that the documents are actually withheld, rather than—for instance—misplaced. Withholding requires intent.

665 F.3d at 79 (italicized emphasis in original).

Further, as noted in *Charcalla v. Goodyear Tire & Rubber Co.*, "district courts within the Third Circuit have routinely distinguished between situations where 'the spoliation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth,' and those where 'the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.'" *Charcalla v. Goodyear Tire & Rubber Co.*, No. 1:13-cv-204, 2017 WL 2720278, at *3 (W.D. Pa. Jun. 23, 2017) (citing *Brewer,* 72 F.3d at 334). *See, e.g., Bozic v. City of Washington*, 912 F. Supp. 2d 257, 270 (W.D. Pa. 2012) (noting that most cases applying *Bull* have declined to find spoliation where the conduct was merely negligent or the evidence was lost or discarded in the ordinary course); *Micjan v. Wal-Mart Stores, Inc.*, No. 2:14-cv-855, 2016 WL 738052, at *9-10 (W.D. Pa. Feb. 25, 2016) (spoliation not found when no evidence that actions were deliberate attempt to impede a potential defense); *Punch v. Dollar Tree Stores, Inc.*, No. 1:12-cv-154, 2017 WL 752396, at *4-7 (W.D. Pa. Feb. 17, 2017) (same). *See also In re Hechinger Inv. Co. of Del., Inc.,* 489 F.3d 568, 579 (3d Cir. 2007) (denying spoliation inference in part because there was no evidence that the destroying party did so in order to prevent the adverse party from accessing the evidence). "Whether a party had reason to believe that the evidence in question would be required in litigation is governed by a 'flexible fact-specific standard that allows a district court to exercise the discretion necessary to confront the myriad factual situations inherent in the spoliation inquiry.'" *Wilson v. Saint-Gobain Universal Abrasives, Inc.*, No. 2:13-cv-1326, 2015 WL 1499477, at *11 (W.D. Pa. Apr. 1, 2015) (quoting *Bull*, 665 F.3d at 77-78) (citation omitted).

Having reviewed all of the facts, the Court concludes that there is no evidence of bad faith here. There is nothing in the record to support a conclusion that any of the Defendants affirmatively deleted the video. Pursuit to the correctional institution's policy, video is retained for twenty to

thirty days and is then overwritten due to limited storage space. "Automatic overwriting is generally less culpable than affirmative deletion…" *Bistrain v. Levi,* 448 F.Supp. 3d 454, 475 (E.D. Pa. 2020). Thus, Defendants have properly accounted for their failure to produce a thirteen-hour video and there is no evidence that thirteen hours of video was destroyed with the intent to prevent Plaintiff from accessing the evidence.

Further, three videos of other relevant matters were preserved and produced for Plaintiff to review, including those that depict Plaintiff being placed into restraints, the time frame shortly after OC spray was deployed into his cell and the removal of his restraints, all of which are relevant to his claims of excessive force and deliberate indifference. This also supports the conclusion that there was no deliberate attempt to destroy relevant evidence in order to prevent Plaintiff from reviewing it.

It should also be noted that Plaintiff has not demonstrated that he has sustained any prejudice because a video does not exist that depicts how long he remained in contaminated clothing. He can provide his own testimony about this, and while the existence of a video may, or may not, confirm when he received clean clothing, any such evidence could, at best, corroborate his testimony. Moreover, Defendants state that the third video, which shows the restraints being removed, also depicts Plaintiff in clean clothes, which should also provide further evidence of the timeline.

Thus, the Court concludes that Plaintiff has failed to meet his burden to demonstrate Defendants destroyed any video or that it was overridden with the deliberate intent to impede Plaintiff from presenting his claims.

IV. <u>Conclusion</u>

Based upon the foregoing, this 14th day of September, 2021, it is Ordered that Plaintiff's Request for Discovery and/or Spoliation (ECF 60) is DENIED.

BY THE COURT:

<u>/s/ Patricia L. Dodge</u>
PATRICIA L. DODGE
United States Magistrate Judge